**UNITED STATES ex rel. PIZZUTO v. SHAUGHNESSY.**

No. 26, Docket 21689.

United States Court of Appeals Second Circuit.

Argued Oct. 3, 1950.

Decided Oct. 20, 1950.

William B. McDonald, Brooklyn, N. Y., for relator.

William J. Sexton, New York City, for respondent.

Irving H. Saypol, United States Attorney, New York City, for respondent-appellant, Louis Steinberg, District Counsel, Immigration & Naturalization Service, Lester Friedman, Attorney, Immigration & Naturalization Service, New York City, of counsel.

Before L. HAND, Chief Judge, and SWAN and CLARK, Circuit Judges.

PER CURIAM.

These are two appeals: (1) by an alien from an order of the District Court, dismissing a writ of habeas corpus to cancel an order and warrant deporting her; and, (2), by the District Director from a part of the same order which remanded her to his custody to examine her mental condition. The relator came to this country from Malta in 1920—an infant four months old—and in 1943 was found to be "practising prostitution," for which reason the Board ordered her deported. The judge dismissed the writ; but, as he thought her sanity an issue relevant to the validity of the deportation, he directed that her mental condition should be examined before the warrant was executed. The order of dismissal was entered on November 9, 1949; but while the appeals were pending, a special act was passed—August 25, 1950—directing the Attorney General to discontinue any deportation proceedings against the alien and to cancel any order and warrant of deportation.

■■ Obviously, we should not dismiss the appeal on the ground that the controversy has become moot; that would leave outstanding the order of the district court dismissing the writ and would in effect affirm the Board of Immigration's order of deportation as well as the direction that the relator's insanity should be inquired into. While it is true that the dismissal was right as the law stood when the court's order was entered, it has now become wrong by the passage of the act. Nearly 150 years ago it was held—and it has been the law ever since—that: "if, subsequent to the judgment, and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied." [1]

Order reversed; relator discharged.

1. The Peggy, 1 Cranch 103, 110, 2 L.Ed. 49; Vandenbark v. Owens-Illinois Co., 311 U.S. 538, 541, 61 S.Ct. 347, 85 L. Ed. 327.