**UNITED STATES ex rel. YARIS v. ESPERDY, Acting District Director of the Immigration and Naturalization Service.**

**No. 165, Docket 22592.**

United States Court of Appeals
Second Circuit.

Argued Jan. 15, 1953.

Decided Feb. 11, 1953.

Myles J. Lane, U. S. Atty. for the Southern District of New York (William J. Sexton, Asst. U. S. Atty. and Lester Friedman, Attorney, Immigration and Naturalization Service, Department of Justice, New York City, of counsel), for respondent.

Milton H. Friedman, New York City (Milton H. Friedman, Blanch Freedman and Robert Silk, New York City, of counsel), for relator.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The relator-appellant is an alien who is presently detained on an immigration warrant without bail at Ellis Island, N. Y. This is an appeal from the dismissal of a writ of habeas corpus challenging the legality of appellant's detention pending a determination as to his deportability.

He was taken into custody on July 6, 1950 on an immigration warrant, dated July 5, 1950, charging that he was unlawfully in the United States and subject to deportation on the ground, among others, "that prior to, at the time of, and after entry into the United States, he was a member of the Communist Party of the United States." He was immediately released on bond; but on October 23, 1950, after the passage of the Internal Security Act of 1950, his bond was revoked and he was again taken into custody. A writ of habeas corpus was issued, and on November 17, 1950 the District Court for the Southern District of New York upheld the illegality of appellant's detention on the ground that the denial of bail was an abuse of discretion on the part of the Attorney General. United States ex rel. Klig v. Shaughnessy, D.C., 94 F.Supp. 157. He was then enlarged on bail as before. However, no order sustaining the writ was entered; instead, the writ was withdrawn pursuant to a stipulation of the parties which was approved by the court.

The appellant remained at large until, after the decision of the Supreme Court in Carlson v. Landon, 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed. 547, the respondent directed him to surrender pending final determination of his deportability. He surrendered on October 24, 1952 and the instant writ of habeas corpus was obtained on November 14, 1952.

The return to the writ alleges that the appellant is a native of Russia who first entered this country in 1914 and remained here for about sixteen years; that he then obtained an American passport by falsely representing that he was an American citizen named Abram Gottlieb and returned to the Soviet Union; that he remained there about two years, during which time he took courses at the Lenin School in Moscow training him to help carry out the purposes of the communist world movement; that he was a member of the Communist Party of the United States before, and while, he attended the Lenin School and had previously been active in the affairs of that party; and that he returned to this country "in or about the year 1932, posing as a citizen of the United States, in possession of the aforesaid passport in the name of Abram Gottlieb, and was readmitted to the United States." It was also alleged that, "Subsequent to his return to the United States, relator continued his membership in the Communist Party of the United States and continued to be active in carrying out the objectives of that Party, in furtherance of the aims and policies of the world communist movement."

The appellant filed a traverse to the return in which he declined to admit or deny the above allegations.

When the order dismissing the writ was entered, the Internal Security Act of 1950 was the controlling statute; but it has since been superseded by the Immigration and Nationality Act, 8 U.S.C.A. § 1101 et seq., effective December 24, 1952. On appeal from orders in habeas corpus proceedings, decision turns upon whether the detainment is lawful under the law as it is at the time the appeal is decided rather than upon what it was when the order was made, United States ex rel. Pizzuto v. Shaughnessy, 2 Cir., 184 F.2d 666; United States ex rel. Wiczynski v. Shaughnes-

sy, 2 Cir., 185 F.2d 347; and the controlling statute, therefore, is § 242(a) of the Immigration and Nationality Act. 8 U.S.C.A. § 1252(a). It provides, as did § 23(a) of the Internal Security Act of 1950, 8 U.S. C. § 156 that, pending final determination of the deportability of an alien taken into custody on a warrant in deportation proceedings, the alien may be released under bond of not less than $500, or continued in custody, as the Attorney General may in his discretion determine. In Carlson v. Landon, 342 U.S. 524, 544, 72 S.Ct. 525, 536, 96 L.Ed. 547, a case controlled by this provision in the Internal Security Act, the Supreme Court held that it was not illegal to refuse bail "[w]hen in the judgment of the Attorney General an alien Communist may so conduct himself pending deportation hearings as to aid in carrying out the objectives of the world communist movement".

The Immigration and Nationality Act has also added the following provision: "But such bond or parole, whether heretofore or hereafter authorized, may be revoked at any time by the Attorney General, in his discretion, and the alien may be returned to custody under the warrant which initiated the proceedings against him and detained until final determination of his deportability. Any court of competent jurisdiction shall have authority to review or revise any determination of the Attorney General concerning detention, release on bond, or parole pending final decision of deportability upon a conclusive showing in habeas corpus proceedings that the Attorney General is not proceeding with such reasonable dispatch as may be warranted by the particular facts and circumstances in the case of any alien to determine deportability."

In opposition to the order dismissing the writ, the appellant contends: (1) that his former release in habeas corpus proceedings is *res judicata;* and (2) that his subsequent detention was an abuse of the Attorney General's discretion, since it was based on Communist Party membership and activity in the long past rather than any present likelihood that his enlargement on bail will endanger the public se-

curity. In support of the order the appellee denies that there was any abuse of discretion; and he further contends that court review is now limited by the above quoted portion of the statute to instances where there is a clear showing of unreasonable delay in conducting deportation proceedings, a situation not present here.

 The former release of the relator following the hearing on a writ of habeas corpus is not a bar to this present detention. Although the trial judge had filed an opinion in which he directed an order sustaining the writ, the withdrawal of the writ in accordance with the approved stipulation did away with any effect the action of the judge might otherwise have had as an order sustaining the writ. Furthermore, the statute provides for the revocation of bail after an alien has been released on bond. When there has been a revocation and a rearrest on the warrant, the test on habeas corpus of the lawfulness of the resulting detention is whether under the prevailing circumstances the Attorney General exercised a sound discretion.

██ The allegations in the return above set forth which the appellant declined either to admit or deny are enough to show that his present detention is not due to the arbitrary or capricious action of the Attorney General. Although the allegation that he "continued his membership in the Communist Party of the United States and continued to be active in carrying out the objectives of that party, in furtherance of the aims and policies of the world communist movement," is not an explicit allegation that he continued such membership and activities up to the time of his rearrest, the use of the word "continued" and the absence of any denial leads us to accept that interpretation. And an allegation in the return that the appellant was engaged in communist activities up to the time of his rearrest sufficiently refutes the claim that there was an abuse of discretion by the Attorney General in revoking his bail and taking him into custody. Consequently, the order dismissing the writ was without error. Carlson v. Landon, 342 U.S. 524, 72 S.Ct. 525, 96 L. Ed. 547; U. S. ex rel. Potash v. District

Director, 2 Cir., 169 F.2d 747; U. S. ex rel. De Geronimi v. Shaughnessy, 2 Cir., 187 F.2d 896; U. S. ex rel. Young v. Shaughnessy, 2 Cir., 194 F.2d 474.

We find nothing which justifies the appellee's argument that § 242(a) of the Immigration and Nationality Act, which grants the courts authority to review the determination of the Attorney General where it is conclusively shown that he "is not proceeding with such reasonable dispatch as may be warranted by the particular facts and circumstances in the case of any alien to determine deportability", does away with all judicial power to review the exercise of discretion under the statute, absent such delay. In the absence of clear language to the contrary, we cannot construe the statute to give the Attorney General unbridled license to exercise his discretion as to detention in whatever arbitrary or capricious way he might see fit, provided only that he act with reasonable dispatch to obtain a decision as to the alien's deportability. On the contrary, we think his discretion as to keeping an alien in custody is judicially reviewable to the same extent it was before. Section 242 provides but an added statutory recognition of a basis for judicial review, not a limitation upon the power as it had existed.

Order affirmed.