**UNITED STATES ex rel. NUKK v. DISTRICT DIRECTOR OF IMMIGRATION AND NATURALIZATION AT PORT OF NEW YORK et al.**

No. 201, Docket 22601.

United States Court of Appeals
Second Circuit.

Argued April 9, 1953.

Decided June 17, 1953.

Myles J. Lane, U. S. Atty. for Southern District of New York, New York City, William J. Sexton, Asst. U. S. Atty., New York City, Louis Steinberg, New York City, District Counsel, Immigration and Naturalization Service, Lester Friedman, New York City, Attorney, Immigration and Naturalization Service, Max Blau, New York City, Attorney, Immigration and Naturalization Service, of counsel, for respondent-appellee.

Ira Gollobin, New York City, Harry Sacher, New York City, of counsel, for relator-appellant.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

CHASE, Circuit Judge.

This appeal presents issues as to the right of an alien, lawfully ordered deported, to be released on bail pending the execution of the deportation warrant. They are much like those recently dealt with in United States ex rel. Yaris v. Esperdy, 2 Cir., 202 F.2d 109.

The appellant is an alien, a native of Estonia, who was lawfully admitted to this country for permanent residence in 1939. He has been lawfully ordered deported on the ground that after his entry he became a member of the Communist Party of the United States, and no question as to his deportability now survives. However, after he had been admitted to bail and while the proceedings for his deportation were still pending, the Attorney General directed that he be retaken into custody and held without bail. The deportation order became final on December 8, 1952, and the sole question now is whether the appellant has been un-lawfully detained pending the execution of the deportation warrant.

■ The Internal Security Act of 1950 was in effect when the deportation proceedings were commenced and until December 24, 1952, when it was superseded by the Immigration and Nationality Act. As the lawfulness of the appellant's detention is to be determined in accordance with the law now applicable rather than that at the time the order on review was made,[1] the appellee insists that the controlling statute is § 242(c) of the Immigration and Nationality Act, 8 U.S.C.A. § 1252(c), rather than § 23 of the Internal Security Act of 1950, 8 U.S.C. § 156. Both statutes provide that the Attorney General shall have six months from the date the deportation order becomes final to effect the alien's departure from this country and that during such period he may, at the Attorney General's discretion, be detained or released on bond in such amount and on such conditions as the Attorney General may fix. Sec. 23 provides also for release on conditional parole and § 242(c) for release on such conditions as the Attorney General may prescribe. The only difference between the two sections which is of present significance is that the following provision for judicial review appears only in Sec. 242(c):

"Any court of competent jurisdiction shall have authority to review or revise any determination of the Attorney General concerning detention, release on bond, or other release during such six-month period upon a conclusive showing in habeas corpus proceedings that the Attorney General is not proceeding with such reasonable dispatch as may be warranted by the particular facts and circumstances in the case of any alien to effect such alien's departure from the United States within such six-month period."

Now, as it did with respect to § 242(a) in United States ex rel. Yaris v. Esperdy, supra, 202 F.2d at page 112, the Government contends that the above quoted lan-

1. United States ex rel. Yaris v. Esperdy, supra; United States ex rel. Wiczynski v. Shaughnessy, 2 Cir., 185 F.2d 347; United States ex rel. Pizzuto v. Shaughnessy, 2 Cir., 184 F.2d 666.

244

guage confines judicial review of the Attorney General's exercise of discretion in denying bail to an alien to the ground therein expressly stated. Consequently, we are urged to affirm the order dismissing the writ for failure to make such a conclusive showing of lack of reasonable dispatch in deporting the relator.

In the Yaris case we did not agree with the Government's construction of the statute; but in this instance we do not reach that question because of the saving provisions in § 405(a) of the Immigration and Nationality Act, 8 U.S.C.A. § 1101 note, which reads in pertinent part that, "Nothing contained in this Act, unless otherwise specifically provided therein, shall be construed to affect the validity of any * * * proceeding which shall be valid at the time this Act shall take effect, or to affect any * * * proceedings, civil or criminal, brought * * * at the time this Act shall take effect; but as to all such * * * proceedings * * * the statutes or parts of statutes repealed by this Act are, unless otherwise specifically provided therein, hereby continued in force and effect. * * *"

The action of the Attorney General was taken in "proceedings brought" at the time the Immigration and Nationality Act took effect and that Act is not to be construed "to affect" that proceeding since it is not "otherwise specifically provided therein." See Murphy v. Utter, 186 U.S. 95, 111, 22 S.Ct. 776, 46 L.Ed. 1070. Consequently, there has for present purposes been no change in the applicable statute since the writ was dismissed.

■■■ This brings us to the matter which is decisive on this appeal. The action of the Attorney General in determining that the appellant should be detained is presumptively a lawful exercise of his discretion and the burden is on the alien to show the contrary. Carlson v. Landon, 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed. 547; United States ex rel. Yaris v. Esperdy, supra; United States ex rel. Potash v. District Director, 2 Cir., 169 F.2d 747. At the deportation hearing he did not testify in his own behalf and refused to testify when called as a witness by the Government, claiming a Fifth Amendment privilege against self-incrimination. He made no attempt to show that his membership in the Communist Party had terminated or that he had not been, or was not continuing to be, active in supporting or extending that party's now well known unlawful objectives. He offered no evidence in support of the writ of habeas corpus. He was content to rest on his unsupported assertion in his traverse to the Government's return that there is no "reasonable basis for anticipating that he would so conduct himself in aid of the world Communist movement as to constitute a menace to public interest if permitted to be at large, and any conclusion predicated upon such assumption is false and unfounded." Far from being sufficient to carry the burden of proof resting upon the alien, this allegation is nothing but a futile attempt to put the Government to its proof of what was already *prima facie* established by the presumptive lawfulness of the Attorney General's determination.

Order affirmed.