**UNITED STATES ex rel. DANIMAN**

v.

**SHAUGHNESSY.**

United States District Court
S. D. New York.

Oct. 13, 1953.

Shapiro, Rabinowitz & Boudin, New York City, Victor Rabinowitz, New York City, of counsel, for relator.

J. Edward Lumbard, U. S. Atty., Washington, D. C., William J. Sexton, Asst. U. S. Atty., Lester Friedman, Attorney, Office of District Counsel, Immigration and Naturalization Service, New York City, of counsel, for respondent.

CONGER, District Judge.

Habeas corpus proceeding to review the detention of relator at Ellis Island.

Relator is an alien, a native and citizen of Russia.

Deportation proceedings were instituted against relator on May 1, 1953. Subsequent proceedings were had which finally resulted in an order of deportation of relator, who, having exhausted all of his administrative remedies, is now at Ellis Island awaiting deportation. No attack is made here upon the regularity or the validity of the order of deportation.

This is really an application to admit relator to bail pending deportation.

During the progress of the deportation proceedings relator has been on bail pursuant to an order of one of the Judges of this Court.

After the deportation order herein became final the relator was taken into custody and has been continued in custody pending arrangements for his deportation.

Six months have not elapsed since the final order of deportation became effective and the Government shows that it is proceeding with dispatch to effect the departure of the alien from the United States. There is no claim asserted here that the Government is dilatory in this respect. At the argument before me relator's attorney stated relator did not know whether the Government was proceeding with diligence or not; that he could not prove or disprove it.

The respondent's main contention is that Section 242(c) of the Immigration and Nationality Act, 8 U.S.C.A. § 1252 (c), limits the scope of judicial review to cases wherein there has been a conclusive showing of unwarranted delay in effecting an alien's departure from the United States under a final order of deportation.

The pertinent part of the Statute reads as follows:

"Any court of competent jurisdiction shall have authority to review or revise any determination of the Attorney General concerning detention, release on bond, or other release during such six-month period upon a conclusive showing in habeas corpus proceedings that the Attorney General is not proceeding with such reasonable dispatch as may be warranted by the particular facts and circumstances in the case of any alien to effect such alien's departure from the United States within such six-month period."

As far as I can discover this above provision of the law has never been judicially passed on. United States ex rel. Nukk v. District Director, 2 Cir., 1953, 205 F.2d 242, cited by the United States Attorney in support of the Government's contention does not pass on this point. The Court expressly stated that for a reason not pertinent here, it was not passing on that question.

We do find in Section 242(a), 8 U.S.C.A. § 1252(a), a similar provision concerning the authority of a court of competent jurisdiction to review or revise any determination of the Attorney Gen-

eral concerning the detention, release on bail or parole of an alien pending final decision of his deportability.

The provision of the law has been squarely passed on by the Court of Appeals of this Circuit. U. S. ex rel. Yaris v. Esperdy, 2 Cir., 1953, 202 F.2d 109. There the Court said:

"We find nothing which justifies the appellee's argument that § 242 (a) of the Immigration and Nationality Act, which grants the courts authority to review the determination of the Attorney General where it is conclusively shown that he 'is not proceeding with such reasonable dispatch as may be warranted by the particular facts and circumstances in the case of any alien to determine deportability', does away with all judicial power to review the exercise of discretion under the statute, absent such delay. In the absence of clear language to the contrary, we cannot construe the statute to give the Attorney General unbridled license to exercise his discretion as to detention in whatever arbitrary or capricious way he might see fit, provided only that he act with reasonable dispatch to obtain a decision as to the alien's deportability. On the contrary, we think his discretion as to keeping an alien in custody is judicially reviewable to the same extent it was before. Section 242 provides but an added statutory recognition of a basis for judicial review, not a limitation upon the power as it had existed." 202 F.2d at page 112.

■ The question now poses itself as to whether or not § 242(c) should be given a different construction in so far as it refers to the authority of the Courts to review the determination of the Attorney General. I see no reason why it should. No convincing argument has been advanced to me that these two sections of the law (almost identical in language) should be accorded different interpretations.

Having disposed of the law question I now come to the merits.

The Government contends:

"Even assuming, without conceding, that the current statute provides but an added statutory recognition of a basis for judicial review and that the Attorney General's discretion is otherwise judicially reviewable to the same extent as it was before the enactment of the Immigration and Nationality Act, it is the further position of the respondent herein that the continued detention of the relator is not subject to judicial review and intervention in the absence of a clear and convincing showing by the relator that the Attorney General abused his discretion in determining that the relator will be continued in custody pending deportation proceedings, as more specifically hereinafter alleged."

This question was before Judge Weinfeld of this Court on an application by this relator to review the action of the Attorney General in refusing to enlarge him on bond pending the final determination of deportation charges against him.

Judge Weinfeld found for relator and sustained the writ to the extent of enlarging the relator on bail.

Judge Weinfeld very carefully and at some length reviewed all of the facts and arguments before him. There are no new facts before me.

Paragraph 7 of the return to the first writ of habeas corpus reads as follows:

"In determining that the relator will be continued in custody, the following factors, among others, were taken into consideration administratively."

Then follows an itemization of these factors [a to i].

In the return to the writ before me, paragraph 11 is identical with paragraph 7 of the return to the first writ and the factors are itemized [a to i, inc.]. Practically all of the items in each return are

identical in language and those that are not are identical in content.

I have written the last paragraph to show that there was nothing before me that was not before Judge Weinfeld.

While Judge Weinfeld's opinion is not the law of the case as far as the application before me is concerned, I feel I should follow it.

I find in this proceeding, as Judge Weinfeld found in the one before him, "upon all the facts, it appears that the relator here has sustained the burden that his detention without bond was without a reasonable foundation."

There is no contention here on the part of the Government that the relator, if released on bond, will not be available for deportation. As a matter of fact relator states that he himself is making every effort to leave the country and has made application to a number of countries for travel papers.

Writ is sustained to the extent of enlarging relator on bail in the sum of $5,000, with certain conditions attached, similar to the ones in the order of Judge Weinfeld.

Settle order on notice.