**UNITED STATES ex rel. SKLAR**
**v.**
**SHAUGHNESSY.**

United States District Court
S. D. New York.
Nov. 6, 1953.

land pending administrative appeal from an order of deportation.

The relator contends that the refusal to release him on bail is arbitrary, unreasonable and an unlawful exercise of discretion and an abuse of power.

In support of this contention, relator states that his imprisonment inflicts serious punishment on him because of his age and health, and further alleges that he is not now nor ever was a security risk to the United States and no reasonable ground exists for the refusal to release him on bail pending his appeal from the deportation order.

The return to the writ urges that this court is without jurisdiction to review the Attorney General's denial of bail to relator in the absence of a conclusive showing "that the Attorney General is not proceeding with such reasonable dispatch as may be warranted by the particular facts and circumstances in the case of any alien to determine deportability." [1] This contention has been repudiated by the Court of Appeals for this circuit.[2]

Respondent further contends that, assuming this court has jurisdiction to review the Attorney General's refusal of bail to relator, it may not intervene unless a clear abuse of the Attorney General's discretion be shown by the relator.

The factors that influenced the Attorney General in denying bail to relator are set forth in the return and I find that they are sufficiently supported by the record to preclude judicial intervention.

The relator had been an important member of the Communist Party from 1919 until 1936. This was proven by witnesses at relator's deportation hearing on October 2, 1953. At that same hearing, relator remained mute when asked by the Examining Officer whether he was then a member of the Communist Party; whether he engaged in espionage

Blanch Freedman and Gloria Agrin, New York City, for relator.

J. Edward Lumbard, U. S. Atty., New York City, for respondent.

SUGARMAN, District Judge.

Relator Boris Sklar tests the legality of his detention without bail at Ellis Is-

1. June 27, 1952, C. 477, Tit. II, ch. 5, § 242(a), 66 Stat. 208, 8 U.S.C.A. § 1252 (a).

2. U. S. ex rel. Yaris v. Esperdy, 2 Cir., 202 F.2d 109.

activities against the United States; whether he was a member of the International Workers Order and other similar questions, the answers to which, if given, would have been relevant to relator's status as a bail risk, as well as to his deportability.

In view of relator's proven connection with the Communist Party and the adverse inferences drawn from his refusal to testify at his deportation hearing,[3] I cannot find that the Attorney General abused his discretion in denying relator bail pending administrative appeal.

 Nothing has been brought to the court's attention which would indicate that after his deportation hearing any new evidence was brought to the attention of the Attorney General concerning relator's past and present activities insofar as such evidence might show that his release on bail would not be inimical to the security of the United States. To the contrary, it appears that relator admits, by failing to traverse, the allegations of the return that the "relator has at no time abandoned his sole and principal occupation as a member, functionary and active leader of organizations connected directly with the world communist movement. He has continued to associate with principal leaders of the Communist Party, has been addressing meetings, has been writing propaganda material, and has otherwise been devoting his time with fanatical devotion to the interests of Russia and the world communist movement". This admission[4] alone is substantial evidence on which the Attorney General might conclude that "[relator] may so conduct himself pending deportation hearings as to aid in carrying out the objectives of the world communist movement * * ",[5] and therefore should be detained.

As above indicated, the petition upon which the writ herein was granted, alleges that "Petitioner's imprisonment herein inflicts serious punishment upon him. He is 68 years, suffering pain from among other ailments, an inflammation of the gall bladder and requires special diet which respondent is unable to accord him." The return does not deny that allegation. Inasmuch as the statement of the relator's physical condition may not be accepted, although uncontradicted, without expert testimony, the denial of the writ herein is based solely upon the other issues raised by the papers.

Accordingly, the within writ is dismissed, but without prejudice to a further application by relator, as he may be advised, for his enlargement on bail solely because his continued detention might seriously jeopardize his health.

3. U. S. ex rel. Zapp v. District Director of Immigration, 2 Cir., 120 F.2d 762.

4. U. S. ex rel. Yaris v. Esperdy, supra; June 25, 1948 c. 646, 62 Stat. 966, 28 U.S.C.A. § 2248.

5. Carlson v. Landon, 342 U.S. 524, 544, 72 S.Ct. 525, 536, 96 L.Ed. 547.