### UNITED STATES ex rel. MAHAMUD ABED
v.
### AHRENS.
#### Misc. No. 872.

United States District Court
E. D. Louisiana,
New Orleans Division.
Jan. 11, 1954.

Dean A. Andrews, Jr., New Orleans, La., for Mahamud Abed.

Prim B. Smith, Asst. U. S. Atty., New Orleans, La., for Edward P. Ahrens.

WRIGHT, District Judge.

This writ of habeas corpus came on for hearing on December 15, 1953, and the Court, after considering the return to the writ, hearing the evidence and being fully advised in the premises, hereby makes the following findings of fact and conclusions of law, to-wit:

### Findings of Fact.

1. Mahamud Abed is an alien; that a warrant of arrest was served upon him on December 2, 1953; that a deportation hearing for Mahamud Abed was held on December 7, 1953; that the hearing has been reopened upon the request of counsel for Mahamud Abed.

2. That the Immigration and Naturalization Service is acting with reasonable dispatch in proceeding to determine Mahamud Abed's deportability.

3. That Mahamud Abed applied for release on bond and that Edward P. Ahrens, Officer in Charge, United States Immigration and Naturalization Service, denied his request.

4. That prior to his arrest Mahamud Abed was an itinerant peddler with no fixed address in this country.

### Conclusions of Law.

1. That the discretion reposed in the Attorney General in accordance with Title 8 U.S.C.A. § 1252(a) has been properly delegated to Edward P. Ahrens, Officer in Charge, United States Immigration and Naturalization Service. Carlson v. Landon, 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed. 547; 8 C.F.R. 242.3.

2. Since there has been no conclusive showing that the Immigration and Naturalization Service is not proceeding with such reasonable dispatch as is warranted by the particular facts and circumstances in the case of this alien to determine deportability, and since there is no showing that the Attorney General has abused his discretion in denying Abed release on bail, the writ of habeas corpus must be discharged. United States ex rel. Yaris v. Esperdy, 2 Cir., 202 F.2d 109; 8 U.S.C.A. § 1252(a).