294 F.2d 373
 Juan Manuel HERNANDEZ-AVILA, Appellant,
v.
John P. BOYD, District Director Immigration and Naturalization Service, and Robert F. Kennedy, Attorney General of the United States, Appellees.
 No. 17442.
 United States Court of Appeals Ninth Circuit.
 September 1, 1961.
 
 John Caughlan, Seattle, Wash., for appellant.
 Charles P. Moriarty, U. S. Atty., and Richard F. Broz, Asst. U. S. Atty., Seattle, Wash., for appellees.
 Before HAMLIN, MERRILL and KOELSCH, Circuit Judges.
 HAMLIN, Circuit Judge.
 
 
 1
 Juan Manuel Hernandez-Avila, appellant herein, was born in Mexico in 1925 and in the same year moved with his parents to the United States. He attended Texas public schools and the University of Texas; during World War II he served overseas as a member of the United States Armed Forces. He became a citizen of the United States on June 20, 1944, by virtue of a decree of the Superior Court of the State of California in and for the County of Sacramento. He left the United States in 1951 and resided in Mexico until January, 1961, when he returned to this country under a Mexican passport as a Mexican citizen; he was admitted under a non-immigrant visa issued by the American Embassy in Mexico City and as a non-immigrant visitor for pleasure. On February 7, 1961, in violation of his visa restrictions, he applied for work at the Boeing Aircraft Company plant in Seattle, Washington. He was interviewed by officers of the immigration service on February 10, and after being taken into custody was ordered on February 13 to show cause as to why he should not be deported to Mexico for failure to maintain his non-immigrant status as a visitor to the United States for pleasure.[1] Bail was fixed by the District Director of Immigration and Naturalization in the amount of $25,000. Although appellant was represented by counsel, no appeal was taken from the order fixing bail. Deportation proceedings were held in Seattle on February 21, 1961, and on February 27, 1961, appellant was ordered deported on the basis of the charge contained in the order to show cause. His appeal from the order of deportation was dismissed by the Board of Immigration Appeals on April 4, 1961.
 
 
 2
 On April 11, 1961, appellant filed in the United States District Court for the Western District of Washington, Northern Division, a "Complaint and Petition for Writ of Habeas Corpus" and an order to show cause was issued thereon. John P. Boyd, District Director, Immigration and Naturalization Service, appellee herein, filed an answer and return on April 14. On April 27, 1961, appellant filed an "Amended Complaint for Declaration of Status and Claim of Right and Privilege as a United States Citizen, for Declaratory Judgment, for Habeas Corpus, and for Injunctive and Other Relief," to which appellee on May 16 filed an answer. This matter has not as yet been heard upon the merits and is now pending in the United States District Court.
 
 
 3
 On May 26, 1961, appellant filed in the district court a "Motion of Plaintiff for Immediate Release from Custody on Habeas Corpus and Alternative Motion for Change of Venue, for Order Directing Transfer of Administrative Proceedings to Texas, for Reduction of Bond, and for Other Relief." This motion came on for hearing on May 29, 1961, and was denied by the district judge in a written order dated June 6, 1961. This appeal is taken from the denial of said motion.
 
 
 4
 The appellant contends on this appeal (1) that having established prima facie United States citizenship by naturalization, he is entitled to be released from custody on habeas corpus, and alternatively (2) if he is not entitled to be released, the bail which was set by the District Director is excessive. We will consider these points in the order that they are stated.
 
 
 5
 The appellant is entitled to a determination by a district court on the issue of his citizenship; no hearing has as yet been held. However, the issue before this court is not whether the appellant is entitled to such a hearing, for the government concedes that he is, but rather whether he is entitled to be released from custody pending the determination by the district court. The Board of Immigration Appeals has upheld the District Director's determination that the appellant is subject to deportation, and the matter is now awaiting review by the district court. The appellant contends that since he has established that he was once naturalized, he is entitled to go free until the district court determination. We do not agree, and we feel that the district court was correct in denying appellant's petition for a writ of habeas corpus. We feel that the appellant may be held in custody until a determination as to citizenship is made in the district court.
 
 
 6
 In support of the position that we have taken we rely on the case of Ng Fung Ho v. White, 1922, 259 U.S. 276, 42 S.Ct. 492, 66 L.Ed. 938. One of the questions in that case involved two persons of Chinese ancestry, Gin Sang Get and Gin Sang Mo, who petitioned for release from custody on the ground that they were the foreign born sons of a native born citizen and hence themselves citizens of the United States. They contended that since they claimed to be citizens and had presented evidence to support that contention they could not be deported by executive order but were entitled to a judicial hearing. The Court concluded that the petitioners were entitled to a hearing but did not discharge them pending the hearing. In so holding, the Court said:
 
 
 7
 "It follows that Gin Sang Get and Gin Sang Mo are entitled to a judicial determination of their claims that they are citizens of the United States; but it does not follow that they should be discharged. The practice indicated in Chin Yow v. United States [208 U.S. 8, 13, 28 S.Ct. 201, 52 L.Ed. 369] and approved in Kwock Jan Fat v. White, 253 U.S. 454, 465 [40 S.Ct. 566, 64 L.Ed. 1010], should be pursued. Therefore * * * the judgment of the Circuit Court of Appeals is reversed, and the cause is remanded to the District Court, for trial in that court of the question of citizenship."[2]
 
 
 8
 The case of Chin Yow v. United States, referred to above, after discussing the problem presented, rules as follows:
 
 
 9
 "The petitioner then is imprisoned for deportation without the process of law to which he is given a right. Habeas corpus is the usual remedy for unlawful imprisonment. But, on the other hand, as yet the petitioner has not established his right to enter the country. He is imprisoned only to prevent his entry, and unconditional release would make the entry complete without the requisite proof. The courts must deal with the matter somehow, and there seems to be no way so convenient as a trial of the merits before the judge. If the petitioner proves his citizenship, a longer restraint would be illegal. If he fails, the order of deportation would remain in force."[3]
 
 
 10
 The language used in these cases indicates that the alleged alien is not entitled to be released until the court has adjudged that he is a citizen. The finding of the Board that the appellant should be deported is a sufficient basis upon which to hold him pending the conclusion of the judicial review to which he is entitled. The only alternative is to allow him to travel freely around the country. The interest of the state and that of the individual must be balanced, and we feel that this balance has been struck by allowing the appellant judicial review of the Board's determination but at the same time requiring that he remain in custody pending the outcome of that review.[4] We hold that under the circumstances the appellant has no unconditional right to be released from custody pending the hearing in the district court.
 
 
 11
 Appellant's alternative contention is that the bail set by the District Director is unreasonably high. The bail as set was $25,000, and we feel that the information that was presented by the government warrants this figure. The District Director was informed that the appellant had fled from Texas to Mexico in 1951 in order to avoid prosecution with respect to an embezzlement charge in Texas and that appellant had entered the United States in 1961 at approximately the same time that he was sought by Mexican authorities in connection with an $80,000 embezzlement in Mexico. In addition the appellant had no firm ties with the district in which he was apprehended by the Immigration Service. The amount of bail was not questioned at the administrative hearings, nor was any appeal taken from the action of the District Director in setting it at $25,000. The determination of the Attorney General and his authorized representative with respect to bail can be overturned only when there is an abuse of discretion, Carlson v. Landon, 1952, 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed. 547; we cannot see that there has been any abuse in this case. There were affidavits presented that stated that the appellant has twice fled a jurisdiction when he was threatened with prosecution; this fact in itself indicates that the appellant is a poor bail risk. On the basis of the record before us we cannot say that the administrative officer abused his discretion in setting appellant's bail at $25,000 or that the district judge abused his discretion in refusing to fix bail at a lower amount.
 
 
 12
 The judgment of the district court is affirmed.
 
 
 
 Notes:
 
 
 [1]
 The government contends that the appellant has lost his citizenship by virtue of his having returned to the land of his birth in 1951 and residing there continuously until 1961. The government relies on the provisions of 8 U.S.C.A. § 1484(a) (1) which read as follows:
 "(a) A person who has become a national by naturalization shall lose his nationality by —
 "(1) having a continuous residence for three years in the territory of a foreign state of which he was formerly a national or in which the place of his birth is situated * * *."
 The appellant was issued a Mexican passport on January 25, 1961, in which it is indicated that he is recognized as a Mexican citizen.
 
 
 [2]
 259 U.S. at page 285, 42 S.Ct. at page 495
 
 
 [3]
 208 U.S. at page 13, 28 S.Ct. at page 202
 
 
 [4]
 The procedure followed in this case is similar to that followed in Perez v. Brownell, 1957, 356 U.S. 44, 78 S.Ct. 568, 2 L.Ed.2d 603. Perez entered the United States as an alien but then claimed that he was a United States citizen. After a hearing he was ordered deported, which order was affirmed by the Board of Immigration Appeals. He then brought a proceeding in a United States District Court for a judgment declaring him a national of the United States. No question was raised in that case by Perez that he could not be held in custody pending the determination by the district court