**Shahin SHIRKHANI, Petitioner,**

**v.**

**Joseph R. GREENE, District Director of the Immigration & Naturalization Service, Respondent.**

**Civ. A. No. 92–B–809.**

United States District Court,
D. Colorado.

May 19, 1992.

**1066**

Daniel F. Boyle, Denver, Colo., for petitioner.

George E. Gill, Asst. U.S. Atty., Cathy A. Auble, Dist. Office, INS, Denver, Colo., for respondent.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Respondent moves for reconsideration of my May 12, 1992 order granting petitioner habeas corpus relief. Respondent also moves for a stay of execution pending review of this motion. The issues are adequately briefed and oral argument will not materially aid their resolution. Because appeal to the Board of Immigration Appeals (BIA) was not reasonably available in this case, petitioner's alleged failure to exhaust his administrative remedies does not deprive me of jurisdiction. Further, in an habeas corpus action challenging INS detention of an alien, I have authority to review for abuse of discretion even where the attorney general is proceeding with reasonable dispatch. Therefore, respondent's motion for reconsideration and stay is denied.

After his petition to reopen deportation proceedings was denied by the BIA and appealed to the Tenth Circuit, petitioner requested that respondent release him on bond or conditional parole. That request was denied on April 7, 1992. Respondent's only stated reason was that petitioner presented a "flight risk" because of the "complexities" of his case and his "pending" deportation. The record before me is devoid of any evidence that respondent in-formed petitioner of his right to appeal the decision to the BIA.

On May 12, 1992, I found and concluded that there was no reasonable foundation in the record for respondent's decision denying bond or supervised parole. *See,* 8 U.S.C. § 1252(a). Specifically, I reviewed the customary bail risk factors on the undisputed evidence that petitioner had never missed a court appearance, had substantial ties to the community, had a stable employment history, had never committed an immigration offense, and had only a nonviolent criminal record that did not render him an aggravated felon. Petitioner's deportation, although "pending," was not imminent because of the automatic stay in effect after his appeal to the Tenth Circuit. Moreover, based on the INS' representations in a prior, related case (Civil Action No. 92–B–351), it is doubtful that Iran will ever issue travel documents necessary to deport petitioner.

Respondent now moves for reconsideration, contending that petitioner did not exhaust his administrative remedies and that I have no authority to review the district director's decision for abuse of discretion. Neither argument has merit.

Respondent points to no relevant statute to support his argument that petitioner must appeal to the BIA before I can review his detention under habeas corpus. Rather, respondent relies on 8 C.F.R. §§ 3.1(b)(7) and 242.2(d). These regulations provide that an alien can appeal a district director's decision concerning bond or supervised parole to the BIA. However, the regulations also provide that the INS *must* give the alien written notice of his right to appeal. 8 C.F.R. §§ 3.3(a) and 242.2(d). Further, the alien has only ten days to file his appeal with the BIA after the adverse action by the district director.

In *Massoumi–Demaghi v. Weiss,* 631 F.Supp. 1525, 1526 (D.Conn.1986), on which respondent relies, the court held only that an alien must exhaust his appeal rights to the BIA where the denial of bond can "reasonably be reviewed by the BIA." Here, the record is devoid of any showing that

respondent informed petitioner of his right to appeal the denial of bond to the BIA. The ten day time limit then expired before petitioner brought his habeas corpus action. Thus, under the regulations, review can no longer be had in the BIA. Moreover, petitioner's failure to perfect his appeal to the BIA within the required ten days is attributable, at least in part, to respondent's failure to provide the mandatory notice of appeal rights.

Therefore, under the circumstances, I conclude that petitioner had no administrative remedies reasonably available when he filed this action. *See, Hernandez–Avila v. Boyd,* 294 F.2d 373, 374 (9th Cir.1961), (court reviewed denial of bond even though petitioner had not appealed to the BIA). Any other conclusion would preclude any judicial review of the administrative decision to detain petitioner without bail and reward respondent for his failure to give the mandatory notice of appeal rights.

■ Moreover, the statutory scheme itself does not support respondent's exhaustion argument. 8 U.S.C. § 1105a(c) provides that "an order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted his administrative remedies...." However, the section governing habeas corpus actions merely states: "[A]ny alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." 8 U.S.C. § 1105a(a)(10). The inclusion of an exhaustion requirement in one section and not the other is strong indication that Congress did not intend to require exhaustion. *National Center for Immigrants' Rights v. INS,* 791 F.2d 1351, 1354 (9th Cir.1986), (immigration act does not require exhaustion for suits challenging pre-deportation detention).

■ Respondent also argues that I cannot review for abuse of discretion without making the "threshold" finding that the attorney general is not acting with reasonable dispatch. 8 U.S.C. § 1252(a). However, the great weight of the case law dictates otherwise. *Doherty v. Meese,* 808 F.2d 938, 942 (2nd Cir.1986); *U.S. ex rel.*

*Barbour v. District Director,* 491 F.2d 573, 577 (5th Cir.), *cert. denied,* 419 U.S. 873, 95 S.Ct. 135, 42 L.Ed.2d 113 (1974); *Hernandez–Avila,* 294 F.2d at 376; *U.S. ex rel. Yaris v. Esperdy,* 202 F.2d 109, 112 (2d Cir.1953); *El–Youssef v. Meese,* 1988 WL 287378 *2 1988 U.S.Dist. LEXIS 7432*6 (D.Kan.1988); *Makarian v. Turnage,* 624 F.Supp. 181, 184 (S.D.Cal.1985); *O'Rourke v. Warden,* 539 F.Supp. 1131, 1135 (S.D.N.Y.1982); *Bartholomeu v. District Director,* 487 F.Supp. 315, 321 (D.Md.1980). These cases all hold that the inclusion of the "reasonable dispatch" language in § 1252(a) did not displace a district court's existing authority to review whether the attorney general abused his discretion and whether the decision has a reasonable foundation in the record. *See, Carlson v. Landon,* 342 U.S. 524, 540–41, 72 S.Ct. 525, 534–35, 96 L.Ed. 547 (1952). The reasoning in *Esperdy* is illustrative:

> In the absence of clear language to the contrary, we cannot construe the statute to give the Attorney General unbridled license to exercise his discretion as to detention in whatever arbitrary or capricious way he might see fit, provided only that he act with reasonable dispatch to obtain a decision as to the alien's deportability. On the contrary, we think his discretion as to keeping an alien in custody is judicially reviewable to the same extent it was before. Section 242 provides but an added statutory recognition of a basis for judicial review, not a limitation upon the power as it had existed.

*Esperdy,* 202 F.2d at 112.

Therefore, my review of petitioner's case here was proper and respondent's motion for reconsideration is denied. Based on this conclusion, respondent's motion for a stay is also denied.

Accordingly, IT IS ORDERED THAT:

(1) Respondent's motion for reconsideration and stay of execution is DENIED; and,

(2) Respondent shall immediately release petitioner on bond or conditional parole.