131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrea SZILAGYI, Petitioner-Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE, District Director,
Respondent-Appellee.
 No. 96-55615.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted February 4, 1997
Decided November 21, 1997.
 
 Appeal from the United States District Court for the Southern District of California, No. CV-96-00833-JNK; Judith N. Keep, Chief Judge, Presiding.
 Before: SKOPIL, PREGERSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Andrea Szliagyi appeals the district court's denial of her 28 U.S.C. § 2241 habeas corpus petition alleging ineffective assistance of counsel. We conclude that Szilagyi raises a colorable constitutional claim. We therefore reverse and remand for an evidentiary hearing on the issue of ineffective assistance of counsel. We will not recite the facts because they are well known to the parties.
 
 I. Due Process Claim
 
 3
 a. Exhaustion of Administrative Remedies
 
 
 4
 Szilagyi did not bring her due process claim of ineffective assistance of counsel before the IJ or the BIA.[1] Because Szilagyi did not exhaust her administrative remedies on this issue, we cannot review Szilagyi's claim on the merits unless we determine that an exception to the exhaustion requirement applies. We hold that such an exception does apply.
 
 
 5
 Section 106a(c) of the Immigration and Nationality Act provides that "[a]n order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations...." 8 U.S.C. § 1105a(c). We have interpreted this exhaustion requirement to mean that, absent "special circumstances," judicial review is not appropriate until the petitioner has first raised the grounds for appeal before the IJ or the BIA. Liu v. Waters, 55 F.3d 421, 424 (9th Cir.1995); see also Vargas v. INS, 831 F.2d 906, 907 (9th Cir.1987) ("Absent overriding justification, an alien must exhaust his administrative remedies prior to seeking review of a deportation order.").
 
 
 6
 Due process claims may be exempted from the exhaustion requirement if they involve more than a mere procedural error that the administrative tribunal can remedy. Bagues-Valles v. INS, 779 F.2d 483, 484 (9th Cir.1985) (exempting from exhaustion requirement the petitioner's claim that the BIA's retroactive interpretation of continuous presence rule violated due process). This court has required exhaustion of ineffective assistance of counsel claims that presented isolated procedural defaults or omissions that the BIA "could have corrected" if "[g]iven the opportunity." Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994) (requiring exhaustion where petitioner claimed that counsel admitted deportability without his consent and IJ failed to advise him of his rights before accepting the admission); see also Rogue-Carranza v. INS, 778 F.2d 1373, 1373-74 (9th Cir.1985) (requiring exhaustion of petitioner's ineffective assistance of counsel claim where counsel failed to present evidence at asylum hearing and did not file a brief or request oral argument on BIA appeal).
 
 
 7
 In the present case, however, Szilagyi alleges a pattern of egregious misconduct extending beyond easily correctable procedural errors in her deportation proceedings. For example, Szilagyi alleges that her attorney instructed her to pretend that she was not represented by counsel at the deportation hearing and told her not to appear for deportation. Moreover, Szilagyi contends that she did not appeal the denial of her motion to reopen her deportation proceedings because her attorney told her that she could rely on her marriage and her petition for adjustment of status. According to Szilagyi, her attorney also misled her about the finality of the deportation order issued against her in absentia, leading her to believe that she could disregard it because she married a U.S. citizen.
 
 
 8
 Additionally, our decision in Wang v. Reno, 81 F.3d 808, 815 (9th Cir.1996), raises other factors that support our conclusion that Szilagyi's due process claim should be exempted from the exhaustion requirement. For example, Szilagyi's ineffective assistance of counsel claim rests on the Fifth Amendment, not on any INA provision. Thus, Szilagyi's "constitutional claim does not implicate the INA, and could not possibly involve review of the INS's exercise of its discretionary power." Id. Exhaustion is also not necessary in this case to protect "the twin purposes of protecting administrative agency authority and promoting judicial efficiency," id. at 814 (citations and internal quotation marks omitted), because judicial review of Szilagyi's due process claim would "neither forfeit[ ] the benefit of INS expertise, nor deprive[ ] the INS of the opportunity to correct its own mistakes...." Id. at 815. Szilagyi's ineffective assistance of counsel claim does not require complex interpretation of immigration laws and does not suggest that the INS itself erred.
 
 
 9
 Finally, Szilagyi's personal interests "weigh heavily" against requiring exhaustion because Szilagyi has been in INS custody since she was apprehended in April 1996, after her attorney advised her not to appear for deportation. Requiring Szilagyi to file a new motion to reopen before the IJ would prolong her detention unnecessarily. See id. (acknowledging that petitioner's interests "weigh heavily" against exhaustion where INS lacks institutional competence to resolve constitutional issue presented and is not "empowered to grant effective relief").
 
 
 10
 For the above reasons, we conclude that Szilagyi's failure to exhaust administrative procedures on her ineffective assistance of counsel claim does not deprive this court of jurisdiction.
 
 
 11
 b. Ineffective Assistance of Counsel
 
 
 12
 Szilagyi's habeas petition alleged a "violation of her constitutional rights to due process and effective assistance of counsel." The district court issued an order denying Szilagyi's habeas petition, explaining that "she has presented no colorable argument why her deportation violates the Constitution or laws of the United States." The district court did not address Szilagyi's claim of ineffective assistance of counsel.
 
 
 13
 "Ineffective assistance of counsel in a deportation proceeding is a denial of due process under the Fifth Amendment if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." Lopez v. INS, 775 F.2d 1015, 1017 (9th Cir.1985). To prevail on such a claim, "one must show that [she] was prejudiced by [her] representative's performance." Mohsseni Behbahani v. INS, 796 F.2d 249, 251 (9th Cir.1986). A petitioner has been prejudiced if, but for counsel's ineffectiveness, the outcome of the proceedings may have been different. Barraza-Rivera v. INS, 91.3 F.2d 1443, 1448 (9th Cir.1990) (finding prejudice where "an alien's rights are violated 'in a manner so as potentially to affect the outcome of the proceedings' ").
 
 
 14
 Szilagyi's habeas petition alleges that Szilagyi's attorney committed several "fatal errors that led to the final deportation order...." For example, Szilagy alleges that her attorney advised her that she need not appear for her deportation because she was married to a U.S. citizen. INA section 242B(e)(3) provides that the failure to appear for deportation may render the deportee ineligible for discretionary relief of voluntary departure, suspension of deportation, or adjustment of status for a period of five years thereafter. 8 U.S.C. § 1252b(e)(3)(A). Szilagyi is seeking suspension of deportation and adjustment of status, and nothing in the record suggests that she is prima facie ineligible for such relief. Accordingly, any future ineligibility under this statute as a result of her attorney's advice clearly would constitute prejudice to Szilagy as a result of ineffective assistance of counsel.
 
 
 15
 If Szilagyi's allegations are true, and she did not appear for her deportation on the basis of her attorney's incorrect advice, it is clear that such advice misled Szilagyi "in a manner so as potentially to affect the outcome of the proceedings" against her. Barraza-Rivera, 913 F.2d at 1448. Thus, Szilagyi's habeas petition raises a colorable constitutional question. Szilagyi is therefore entitled to an evidentiary hearing on her claim of ineffective assistance of counsel.
 
 II. Exceptional Circumstances Claim
 
 16
 Szilagyi additionally alleges that her deportation proceedings should be reopened because her husband's spousal abuse and his interference with her ability to attend her deportation hearing constitutes "exceptional circumstances" for purposes of INA section 242B(c)(3)(A). Szilagyi never presented her spousal abuse claim to the IJ or BIA. Moreover, her appeal fails to set forth allegations that justify an exception to the exhaustion requirement. Thus, we lack jurisdiction to review this serious issue.
 
 III. Conclusion
 
 17
 We VACATE the district court's Amended Order Denying Petition for Writ of Habeas Corpus and Denying Request for Immediate Stay of Deportation and REMAND for an evidentiary hearing on Szilagyi's claim of ineffective assistance of counsel. We deny petitioner's motion for release from custody without prejudice pending her showing that respondent abused its discretion in setting Szilagyi's bail at $50,000. See Makarian v. Turnage, 624 F. Supp 181, 184 (S.D.Cal.1985) (citing Hernandez-Avila v. Boyd, 294 F.2d 373, 376 (9th Cir.1961) (district director's bail determination can be overturned only when there is an abuse of discretion)). That motion should initially be directed to the district court in light of this decision.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although Szilagyi did raise the issue of ineffective assistance of counsel in her May 2, 1996 application to the INS District Director for a stay of deportation, Szilagyi has not raised the issue in any motion to reopen deportation proceedings before the IJ