## UNITED STATES ex rel. FRANGOULIS
### v.
### SHAUGHNESSY.
### No. 139, Docket 22908.

United States Court of Appeals
Second Circuit.

Argued Jan. 8, 1954.

Decided March 2, 1954.

Jay Nicholas Long, New York City, for appellant.

J. Edward Lumbard, U. S. Atty., New York City (Harold J. Raby, Asst. U. S. Atty., Lester Friedman, New York City, Attorney for Immigration and Naturalization Service, on the brief), for respondent-appellee.

Before CHASE, Chief Judge, CLARK, Circuit Judge, and GIBSON, District Judge.

GIBSON, District Judge.

The appellant is an alien, a Greek subject, who came to this country as a merchant seaman in 1951 and was then lawfully admitted for shore leave under the provisions of the immigration laws as then set forth in Title 8 U.S.C.A. At the present time these laws are no longer in effect, having been repealed and superseded by the Immigration and Nationality Act of June 27, 1952, effective December 24, 1952. All statutory references herein are to the repealed Act. Since that entry he has continually resided in the United States and has been ordered deported on the

ground that he overstayed his leave. Title 8 U.S.C.A. § 214.[1] This appeal is occasioned by the dismissal of a writ of habeas corpus by the District Judge.

George John Frangoulis, relator-appellant, entered this country on August 15, 1951, as set forth above. A native and citizen of Greece, he was serving as an officer on the vessel "Aristocratis" at the time of his entry. On the date of his entry he was admitted for shore leave not to exceed twenty-nine days but having failed to depart with his ship, this shore leave was extended on August 22, 1951, so as to allow him to make his departure on or before September 18, 1951. However, appellant failed to depart as of this date.

On October 15, 1951, Frangoulis applied for and received the discretionary privilege of voluntary departure to be made on or before November 10, 1951. On the day following this application, October 16th, appellant volunteered to his local Draft Board for induction into the Armed Forces of the United States. He was in fact inducted on October 30, 1951, and commenced active service on that date. It should be noted here that although appellant was never legally obligated to register for induction, he had done so on October 6, 1948, in the apparent honest belief that he was so obligated. He remained in periodic touch with his Draft Board and, for all that appears, never learned that he was not subject to induction.

A short time after his induction—the record indicates the time to have been twenty-seven days—appellant was sent overseas to Hawaii. During his year of service in the Army he never notified the Immigration Service of his whereabouts. It was his belief, as stated at the Immigration hearing, that he was not obliged to do so because he thought it was permissible for him to be serving in the Army. Deportation proceedings were finally commenced against appellant on October 23, 1952, and on October 29th the U. S. Army honorably discharged appellant as an alien without legal residence in the United States. Deportation hearings were held, at which the appellant made application for the discretionary privilege of voluntary departure in lieu of deportation; the application was denied and appellant was ordered deported. Appellant's appeal to the Board of Immigration Appeals was dismissed, as were a later appeal and an application for reconsideration addressed to the hearing officer.

On June 17, 1953, a writ of habeas corpus was allowed in the United States District Court for the Southern District of New York but when the writ came on for hearing on July 7th of that year, it was dismissed without opinion. It is from this dismissal that this appeal is taken.

Appellant's contentions are twofold. In the first instance, he claims that he is not deportable inasmuch as his departure from the United States was prevented by his induction into the Armed Forces. Secondly, he contends that he was entitled to depart voluntarily after his discharge from the Armed Forces.

█ █ It is clear that appellant was in this country illegally when he entered the Armed Forces. His extended shore leave had expired on September 18, 1951. The privilege of voluntary departure which was granted him on October 15th did not extend that leave. Such privilege is not given to a person who is legally within this country; it is only given to a deportable alien, 8 U.S. C. § 155(c).[2] Clearly, the granting of this right did not alter the deportable status of Frangoulis, nor did it legalize his presence within the country. When Frangoulis was honorably discharged from the Army, he was in no higher status than at the time of his induction. Indeed it might be said that upon his discharge he reverted to his pre-induction status—that of a deportable alien. Commendable though it may be, appel-

---

[1] 8 U.S.C.A. § 214, now 8 U.S.C.A. § 1251 (a) (9, 10).

[2] 8 U.S.C.A. § 155(c), now 8 U.S.C.A. §§ 1254(a) (1, 2), 1351.

**574**

lant's Army service is of no avail to him in this proceeding. United States ex rel. Ciannamea v. Neelly, 7 Cir., 202 F.2d 289.

■ Because appellant clearly was deportable, little mention need be made of his claim to entitlement to the voluntary departure privilege. The grant or denial of this privilege is a matter of discretion, 8 U.S.C. § 155(c); United States ex rel. Bartsch v. Watkins, 2 Cir., 175 F.2d 245, and regardless of our feelings as to the wisdom of the Immigration Service's decision, the decision is final and unreviewable except for abuse of discretion. The courts have often so held. United States ex rel. Weddeke v. Watkins, 2 Cir., 166 F.2d 369; United States ex rel. Adel v. Shaughnessy, 2 Cir., 183 F.2d 371; United States ex rel. Yaris v. Esperdy, 2 Cir., 202 F.2d 109.

The dismissal of the writ is affirmed.