**UNITED STATES ex rel. LO DUCA**

v.

**NEELLY.**

**No. 11068.**

United States Court of Appeals, Seventh Circuit.

May 12, 1954.

Rehearing Denied June 21, 1954.

Francis Heisler, Miss Pearl Baer, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Miss Anna R. Lavin, John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., for appellee, John M. McWhorter, Acting Dist. Counsel, Immigration-Naturalization Service, Chicago, Ill., of counsel.

Before DUFFY, SWAIM and SCHNACKENBERG, Circuit Judges.

DUFFY, Circuit Judge.

Relator, detained under a warrant of deportation, filed his petition in the district court for a writ of habeas corpus. After a hearing the court entered a judgment discharging the writ, dismissing the petition, and remanding relator to custody. Relator appeals. There is no dispute that relator made an illegal entry into the United States as a stowaway on or about December 10, 1948, at which date he left a vessel of unknown name by

means of a small boat and landed in this country, intending to remain here permanently and not being in possession of an immigration visa.

Relator is an alien and native of Italy, where he has a wife and four minor children. He has no close relatives in this country except a brother residing at Calumet City, Illinois.

On September 5, 1950, the Acting District Director of Immigration and Naturalization at Chicago issued a warrant for the arrest of relator, and on March 2, 1951, a hearing was held before the hearing officer. Relator was there represented by counsel. The hearing officer advised relator that he might apply for permission to depart voluntarily from the United States in lieu of deportation. Relator applied for suspension of deportation, but the hearing officer found he was not eligible for suspension of deportation under the statute, because he had not resided in the United States for seven years, and was not in the United States on July 1, 1948, and because his deportation would not result in serious economic detriment to a United States citizen or a legally resident alien who is his parent, wife or minor child.

Relator's counsel took exceptions to the decision of the hearing officer, and the Assistant Commissioner of Immigration and Naturalization reviewed the record, and on June 4, 1951, denied relator's application for discretionary relief, and ordered him deported on the charges stated in the warrant of arrest. Petitioner appealed to the Board of Immigration Appeals, which Board heard oral arguments on September 20, 1951, and dismissed relator's appeal.

Before the order of deportation could be executed, relator filed a complaint to have the proceedings reviewed under the provisions of § 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009. The district court found that the Commissioner of Immigration and Naturalization was an indispensable party and dismissed said complaint. Thereafter relator petitioned the Board of Immigration Appeals for reconsideration and for cancellation of the warrant of deportation and for voluntary departure. On February 17, 1953, the Board of Immigration Appeals denied said petition.

The disposition of this case is governed by the decisions of this court in United States ex rel. Ciannamea v. Neely, 7 Cir., 202 F.2d 289, and United States ex rel. Liotine v. Neely, 7 Cir., 205 F.2d 570. The fact that the relator in each of the foregoing cases entered this country illegally as a mala fides seaman, and the relator in the instant case is a stowaway, is no ground for distinguishing the cases. By entering this country as a stowaway, relator herein committed a felony punishable by imprisonment for not more than one year, or a fine of not more than $1,000, or both. 18 U.S.C.A. § 2199. When Ciannamea and Liotine entered as mala fides seamen, they committed a felony punishable by imprisonment for not more than two years, or a fine of not more than $1,000, or both. 8 U.S.C.A. § 180.[1]

Relator claims, however, that our decisions in the Ciannamea and Liotine cases are overruled by a recent decision of the United States Supreme Court in United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499. Accardi was admittedly deportable, but in the petition for habeas corpus it was alleged that the denial of his application for suspension of deportation was prejudged by the Board of Immigration Appeals by reason of the issuance by the Attorney General, prior to the Board's decision, of a confidential list of "unsavory characters," including Accardi's name, all of whom he planned to deport. The district court dismissed the writ without a hearing and the Court of Appeals affirmed. But the Supreme Court, by a 5 to 4 decision, held that Accardi was entitled to an opportunity in the district court to prove his allegation, and that if he shall prove it, he is then entitled to a new hearing before the Board of Immigration Appeals without the burden of a previous pro-

1. Now Immigration and Nationality Act, 1952, 8 U.S.C.A. § 1326.

scription by the Attorney General's list. The Supreme Court held that as long as the Attorney General's administrative regulation conferring discretion on the Board remains operative, the Attorney General denies himself the right to sidestep the Board or dictate its decision. However, the court stated, 347 U.S. at page 268, 74 S.Ct. at page 503: "It is important to emphasize that we are not here reviewing and reversing the *manner* in which discretion was exercised. If such were the case we would be discussing the evidence in the record supporting or undermining the alien's claim to discretionary relief. Rather, we object to the Board's alleged *failure to exercise* its own discretion, contrary to existing valid regulations."

The administrative procedure in this case called for decisions at three levels below the Attorney General: hearing officer, Commissioner, and Board of Immigration Appeals. Relator bases his argument that this case is controlled by the Accardi case upon a statement made by the Assistant Commissioner, to wit: "It has been decided that effective administration of the immigration laws requires the deportation of recently arrived aliens who effect their entry in an illegal manner in order to remain in the United States permanently. * * * Aliens who effect their entry as stowaways must suffer the consequences of deportation; * * *."

■ It will be noted that the Assistant Commissioner did not say that the Attorney General had laid down any rigid requirements that precluded the hearing officers or the Boards from exercising their discretion. As we pointed out in the Ciannamea case, the Attorney General and his subordinates are under a primary duty to consider the best interests of the United States, and we hold that the Assistant Commissioner's statement does not show either an abuse of discretion or a failure to exercise discretion.

■■ The record herein shows that relator was afforded a fair, adequate and impartial hearing in conformity with due process of law. We think it pertinent to repeat an observation which we made in Ciannamea, supra, 202 F.2d at page 293: "Congress gave to the Attorney General and not to the courts the discretion of deciding whether relator should be deported or permitted to depart voluntarily. This court has no right to substitute its judgment on this issue for that of the hearing officer."

We adhere to the decisions in Ciannamea and Liotine. Judgment affirmed.