Francisco RAMIREZ-RANGEL, Petitioner-Appellant,

v.

James W. BUTTERFIELD, District Director of Immigration and Naturalization, Detroit, Michigan, Respondent-Appellee.

No. 12743.

United States Court of Appeals
Sixth Circuit.
July 5, 1956.

Harry Kobel, Detroit, Mich., Carl L. Rhoads, Ecorse, Mich., on brief, for appellant.

Dwight K. Hamborsky, Detroit, Mich., Fred W. Kaess, Detroit, Mich., on brief, for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

MILLER, Circuit Judge.

Deportation proceedings were instituted against petitioner by respondent on the charge that petitioner, after being admitted to the United States as an agricultural laborer, failed to depart in accordance with the terms of admission. In the hearing that followed, petitioner applied for permission to depart voluntarily from the United States under the provisions of section 19(c), Immigration Act of 1917, as amended, 39 Stat. 889, as amended 54 Stat. 672. This section provides: "In the case of any alien * * * who is deportable under any law of the United States and who has proved good moral character for the preceding five years, the Attorney General may (1) permit such alien to depart the United States to any country of his choice at his own expense, in lieu of deportation, * * *."

Petitioner introduced testimony that he was a person of good moral character. The hearing officer made a finding that petitioner was legally deportable, that he had claimed dependents in an income tax return illegally, that during 1948 and 1949 he had lived in Detroit with a woman not his wife, and that he had entered a plea of guilty to a charge of failing to notify the Commissioner of Immigration of a change of address. After referring to the evidence of his good moral character, he stated: "In view of other circumstances, however, the Hearing Officer is of the opinion that the respondent is not entitled to relief from deportation." An appeal to the Board of Immigration Appeals was dismissed by the Board, which ruled: "Upon full consideration of all factors of the record, it is our conclusion that discretionary relief should be denied."

Petitioner filed the present habeas corpus proceeding challenging the validity of the deportation order on the grounds that the Hearing Officer made no finding to support his conclusion that the petitioner was not entitled to relief from deportation, that his "opinion" that the petitioner was not entitled to relief was not a finding of non-eligibility, and that in the absence of a finding of eligibility there had been no exercise of discretion to which the petitioner was entitled under the statute. Compare: United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681; United States ex rel. Giacalone v. Miller, D.C.S.D.N.Y., 86 F.Supp. 655.

The District Judge, after reviewing the entire proceedings before the immigration authorities rejected petitioner's contention that the Hearing Officer made his ruling on the basis of evidence outside the record because of his use of the

term "other circumstances" in his written decision, pointing out that such allegation was specifically denied by respondent's answer to the petition and that the words "other circumstances" was obviously a reference to the facts shown by the evidence and with reference to which none of the character witnesses testified. Petitioner had introduced no evidence supporting his contention on this point other than the inference he attributed to the words themselves. The court ruled that "from such review it is apparent that petitioner was accorded a fair hearing in every respect and that he was not denied any rights or privileges to which he was entitled," and that under the facts disclosed by the evidence the denial of discretionary relief was not arbitrary or capricious. An order was entered discharging the writ.

■■■ We concur in the conclusions and ruling of the District Judge. The petitioner was entitled to a fair administrative hearing, which he has received. His application for discretionary relief was fully considered and denied. Shaughnessy v. United States ex rel. Accardi, 349 U.S. 280, 75 S.Ct. 746, 99 L.Ed. 1074; United States ex rel. Vajtauer v. Commissioner, 273 U.S. 103, 106, 47 S.Ct. 302, 71 L.Ed. 560. The failure of the Hearing Officer to make an express finding on the issue of petitioner's moral character was not prejudicial to petitioner's rights. The evidence fully supported the ruling either on the basis that good moral character had not been proven, or on the basis that even if proven by the character witnesses referred to petitioner's conduct was such as to deny him the discretionary relief applied for, in which event there clearly was no abuse of discretion. United States ex rel. Frangoulis v. Shaughnessy, 2 Cir., 210 F.2d 572, 574. Procedural irregularities on the part of a governmental official, not material to the rights of an alien, do not invalidate the proceedings. United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 158, 44 S.Ct. 54, 68 L.Ed. 221; United States ex rel. Orlando v. District Director, 2 Cir., 222 F.2d 537, certiorari

denied 350 U.S. 862, 76 S.Ct. 103; Couto v. Shaughnessy, 2 Cir., 218 F.2d 758, 760, certiorari denied 349 U.S. 952, 75 S.Ct. 897, 99 L.Ed. 1276.

The judgment is affirmed.