252 F.2d 294
 Orlando CABRERA y CABRERA and Caridad Acosta y Gonzalez de Cabrera, Appellants,
v.
Joseph SAVORETTI, District Director of the United States Immigration & Naturalization Service, District No. 6, Miami, Florida, Attorney General of the United States, U. S. Dept. of Justice, Joseph Geary, Deportation Officer, Appellees.
Rogelio Isidro MUNOZ y ESPINOSA, Appellant,
v.
Joseph SAVORETTI, District Director of the United States Immigration & Naturalization Service, District No. 6, Miami, Florida; Herbert Brownell, Attorney General of the United States, U. S. Dept. of Justice, and Joseph Geary, Deportation Officer, Appellees.
 No. 16757.
 No. 16794.
 United States Court of Appeals Fifth Circuit.
 February 14, 1958.
 
 W. Emory Daugherty, Jr., Miami, Fla., for appellants.
 Richard R. Booth, Asst. U. S. Atty., James L. Guilmartin, U. S. Atty., Miami, Fla., for defendants-appellees, Gilbert Zimmerman, Richmond, Va., Joseph W. Monsanto, Miami, Fla., of counsel.
 Before RIVES, TUTTLE and CAMERON, Circuit Judges.
 PER CURIAM.
 
 
 1
 In each of these cases, aliens admitted to the United States as temporary visitors for pleasure went to work in this Country in violation of the conditions of their temporary admission. Later they applied for extensions of their temporary stays as visitors for pleasure without disclosing such violations. Under Section 244(e) of the Immigration and Nationality Act, 8 U.S.C.A. § 1254 (e), the Attorney General, in his discretion, might have permitted them, or any of them, to depart voluntarily rather than to be deported. Under Section 103 of that Act, 8 U.S.C.A. § 1103, the Attorney General was authorized to delegate that discretion to employees of the Immigration and Naturalization Service. By appropriate regulations[1] the discretion had been vested in the Special Inquiry Officers of the Immigration and Naturalization Service, whose decisions denying application for voluntary departure in cases like the present ones should not be subject to any administrative appeal.
 
 
 2
 Each of the aliens brought civil actions in the district court under the Declaratory Judgments Act, 28 U.S.C. § 2201, and section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, insisting principally that the action, findings and conclusions of the Special Inquiry Officer in each case denying application for voluntary departure were arbitrary, capricious and an abuse of discretion. The district court granted motions of the defendants for summary judgment supported by the records of the administrative proceedings. We have examined those records and, in our opinion in each case, they leave open no genuine issue as to whether the Special Inquiry Officer abused his discretion, or as to any other fact. See United States ex rel. Ciannamea v. Neelly, 7th Cir., 1953, 202 F.2d 289.
 
 
 3
 We have not overlooked the constitutional questions presented by the appellants, but we do not think that they are substantial, or that they merit discussion.
 
 The judgments are
 
 4
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Secs. 6.1, 242.9, 242.20, 242.21, of Title 8, Code of Federal Regulations