Giuseppe RIZZI, Plaintiff,

v.

John L. MURFF, as District Director of Immigration and Naturalization for the District of New York, J. M. Swing, as Commissioner of Immigration and Naturalization, William P. Rogers, as Attorney General of the United States, Defendants.

United States District Court
S. D. New York.

March 16, 1959.

---

**364**

Caputi & Caputi, New York City, for plaintiff, Robert R. Caputi, Sebastian P. Caputi, New York City, of counsel.

Paul W. Williams, U. S. Atty. for the Southern Dist. of New York, New York City, for defendants, Roy Babitt, Sp. Asst. U. S. Atty., New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

Plaintiff Rizzi is an alien against whom an order of deportation is outstanding. In this action he seeks judicial review, pursuant to Section 10 of the Administrative Procedure Act, 5 U. S.C.A. § 1009, of an order denying him the privilege of voluntary departure and directing his deportation, and a judgment, pursuant to the Declaratory Judg-

ments Act, 28 U.S.C. § 2201, that the order is illegal and void.

Rizzi is a native and citizen of Italy who entered the United States on November 14, 1956 as a non-immigrant crewman on temporary shore leave not to exceed twenty-nine days. He remained in this country when his shore leave expired without permission or authority.

On April 18, 1958 he was arrested by the immigration authorities and an order to show cause and notice of hearing in deportation proceedings was served upon him. A deportation hearing was held before a special inquiry officer, pursuant to 8 U.S.C.A. § 1252 and 8 C.F.R. § 242, at which Rizzi, without conceding deportability, made application for leave to depart voluntarily in order that he might reenter without complying with the more onerous conditions applicable to re-entry after deportation. After a full hearing the special inquiry officer found that Rizzi was illegally in this country and therefore deportable, as he plainly was on the undisputed facts, but that he was eligible for voluntary departure under 8 U.S.C.A. § 1254. However, in the exercise of his discretion, the special inquiry officer denied Rizzi the privilege of voluntary departure and ordered him deported.

Rizzi appealed to the Board of Immigration Appeals from the order of the special inquiry officer denying him voluntary departure and directing his deportation. The Board found that Rizzi was deportable and that since he had been in the United States for less than five years, under 8 C.F.R. § 242.21(a) there was no appeal from the order of the special inquiry officer denying voluntary departure as a matter of administrative discretion. However, Rizzi's connsel urged upon the Board that it consider the issue of voluntary departure upon its own certification, pursuant to C.F.R. § 6.1(c). On this question the Board "carefully considered the issue of discretionary relief" and held:

"* * * We agree with the special inquiry officer that under the

circumstances here presented, notwithstanding respondent's family ties in the United States, voluntary departure is not warranted as a matter of administrative discretion. We find no basis upon which to certify the case for reconsideration of the issue of discretionary relief. The appeal in deportation proceedings will be dismissed."

Rizzi thereafter was released upon an appearance bond and brought the present action.

Rizzi concedes that he is deportable. He contends, however, that the order denying him voluntary departure and ordering his deportation is illegal and should be set aside on the grounds (1) that the regulation of the Attorney General which makes final and non-appealable a decision of a special inquiry officer which denies as a matter of discretion an application for voluntary departure by an alien statutorily eligible therefor (8 C.F.R. § 242.21(a)) deprived him of due process of law and is unconstitutional and void, and (2) that the special inquiry officer abused his discretion in denying the application for voluntary departure.

Rizzi has moved before me to stay his surrender and deportation until the final determination of this action. The defendants have cross-moved (a) to dismiss the action as to defendant Swing as Commissioner of Immigration, and Rogers as Attorney General, pursuant to Rule 12(b), F.R.Civ.P., 28 U.S.C., on the ground that venue has been improperly laid against them in this district, and that neither has been served with process, is subject to such service, or has consented to such service in this district, and (b) on behalf of defendant Murff for summary judgment, pursuant to Rule 56, F.R.Civ.P. It is the cross-motions which raise the material issues presented for decision here.

The cross-motion to dismiss as to defendants Swing and Rogers is plainly well taken, as plaintiff seems to concede. The Commissioner of Immigration and the Attorney General have their official residences in Washington, D. C. Neither of them have been served personally within this district, nor have they consented to be sued here. There is no statutory authority for suit against them outside the district of their official residence, the District of Columbia. Neither of these defendants is before the court and the court has no jurisdiction over them. The motion to dismiss as to them is granted. See Connor v. Miller, 2 Cir., 178 F.2d 755; Rodriguez v. Landon, 9 Cir., 212 F.2d 508; Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534.

This leaves for determination the motion for summary judgment in favor of defendant Murff. That motion is based on the administrative record which is before me. No material facts are added by the affidavits submitted by the parties.

Rizzi raises no question as to the validity of the statute and regulations under which deportation proceedings are held before a special inquiry officer nor as to the procedure prescribed for such hearing. 8 U.S.C.A. § 1252(b), 8 C.F.R. Part 242. Nor does he question the power of the Attorney General to delegate to the special inquiry officer at such a hearing the discretion to determine whether or not the privilege of voluntary departure should be granted.

However, he attacks the regulation of the Attorney General which provides that no appeal lies from a decision of a special inquiry officer denying the application for voluntary departure in lieu of deportation of a statutorily eligible alien who has been in the United States for less than five years. 8 C.F.R. § 242.21(a).[1]

Rizzi's argument seems to be that the denial of the right to have the decision of the special inquiry officer reviewed "by

---

1. 8 C.F.R. § 242.21(a) reads as follows: "*Non-appealable cases.* An appeal shall not lie from a decision of a special inquiry officer denying an application for voluntary departure or preexamination as a

matter of discretion where the special inquiry officer has found the alien statutorily eligible for voluntary departure or eligible for preexamination pursuant to Part 235a of this chapter, and the alien

an administrative board such as the Board of Immigration Appeals representing the AttorneyGeneral" is a denial of due process. He therefore asserts that regulation 242.21(a) is unconstitutional and void, that he has been denied due process of law in these proceedings, and that the order of deportation must be set aside.

Rizzi cites no authority to support this contention and I fail to see that it has any merit. The Immigration and Nationality Act specifically provides that a special inquiry officer shall conduct deportation hearings and shall make determinations therein, as authorized by the Attorney General. 8 U.S.C.A. § 1252 (b). The proceedings shall be in accordance with such regulations as the Attorney General shall prescribe "not inconsistent with this chapter". The statute provides that this is the "sole and exclusive procedure" for determining deportability and that the decision of the Attorney General as to deportability "shall be final".

. Part 242 of Chapter I of the Attorney General's regulations relating to immigration and naturalization sets forth in detail the procedure to be followed. These regulations are consistent with Chapter I, are full and complete and provide the necessary safeguards to insure that the alien against whom proceedings have been taken has a full and fair hearing, including the right to counsel, the right to present evidence, and the right to cross-examine. Regulation 242.8 specifically authorizes the special inquiry officer to make all necessary decisions, including orders of deportation, or to authorize voluntary departure if he should so determine. Thus the Attorney General has delegated to the special inquiry officer the discretion vested in him by law to determine whether voluntary departure should be granted or not as he was expressly authorized to do by Congress. 8 U.S.C.A. §§ 1103, 1252(b).

■ Where an alien is deportable voluntary departure is a privilege to be granted and not a right. United States ex rel. Von Kleczkowski v. Watkins, D.C. S.D.N.Y., 71 F.Supp. 429, 435. Congress has provided that the question of whether or not such a privilege should be afforded lies solely in the discretion of the Attorney General, and that his decision on the question is to be final.

There is no right of appeal given by statute from the decision of the special inquiry officer to whom the Attorney General has delegated his discretion. Such appeals as are allowed are provided in the regulations promulgated by the Attorney General pursuant to the authority granted him by Congress. This is not one of them.

■ Due process did not require that the alien be afforded an administrative appeal from a denial of voluntary departure as a matter of discretion. All that was necessary was that he should receive a fair hearing before the special inquiry officer at which his rights were safeguarded in accordance with the procedures provided by statute. This was done. The denial of an appeal to the Board of Immigration Appeals by the Attorney General's regulation was not a denial of due process, nor did it interfere with any constitutional rights the alien may have had. See Cabrera v. Savoretti, 5 Cir., 252 F.2d 294; Gil v. Del Guercio, 9 Cir., 246 F.2d 553, certiorari denied 355 U.S. 863, 78 S.Ct. 96, 2 L.Ed. 2d 69.

In any event, however, the decision of the special inquiry officer was in fact reviewed by the Board of Immigration Appeals. Under 8 C.F.R. § 6.1(c) the Board is authorized to require the certification of any case involving deportation to the Board. Here Rizzi's counsel made application to the Board to consider the denial of his application for voluntary departure. The Board "carefully considered the issue" and found that it

has been in the United States for a period of less than five years at the time of the service of the order to show cause in deportation proceedings. A Notice of

Appeal shall not be filed or accepted in any case within the provisions of this paragraph."
:.

agreed with the special inquiry officer that voluntary departure was not warranted as a matter of administrative discretion. It therefore found "no basis upon which to certify the case for reconsideration of the issue of discretionary relief".

■ Thus, in any event, though the plaintiff was denied a direct appeal to the Board, he obtained administrative appellate review on his application to the Board for certification of the case on this issue. He was not denied the right to have such review, even assuming that any such right to review existed.

The final question is whether, as Rizzi urges, the decision of the special inquiry officer should be set aside on review.

■ Judicial review of administrative action in immigration matters taken by the Attorney General in the exercise of discretionary power "if available at all, is narrowly restricted in scope". United States ex rel. Weddeke v. Watkins, 2 Cir., 166 F.2d 369, 373, certiorari denied 333 U. S. 876, 68 S.Ct. 904, 92 L.Ed. 1152. It is well-settled that such a decision is final and unreviewable except for abuse of discretion. United States ex rel. Frangoulis v. Shaughnessy, 2 Cir., 210 F.2d 572; United States ex rel. Adel v. Shaughnessy, 2 Cir., 183 F.2d 371; United States ex rel. Yaris v. Esperdy, 2 Cir., 202 F.2d 109; United States ex rel. Salvetti v. Reimer, 2 Cir., 103 F.2d 777.

The administrative record here clearly shows that the procedures prescribed by § 244(e) of the Immigration and Nationality Act, 8 U.S.C.A. § 1254(e), and the regulations implementing it were scrupulously followed at the hearing before the special inquiry officer. Rizzi was afforded his full rights and the hearing was fair and adequate.

At the conclusion of the hearing the special inquiry officer found that plaintiff, having met the standards prescribed by statute, was eligible for voluntary departure. After a careful evaluation of the evidence adduced before him he then concluded that the privilege of voluntary departure should be denied as a matter of administrative discretion.

The evidence at the hearing showed that Rizzi had come to the United States with the intention of remaining in this country illegally. He had attempted to obtain an immigrant visa in Italy but had learned that there was a waiting period of several years. He did not wish to wait his turn on the quota lists since all his family was in the United States and he had no close relatives left in Italy.

One of his brothers was an American citizen, another was a legal resident of this country, and his mother was also a legal resident who had arrived from Italy very shortly before Rizzi came here. Both of Rizzi's brothers had come to the United States as seamen, had remained in this country illegally and thereafter had managed to adjust their status so as to remain here permanently.

In exercising his discretion the special inquiry officer carefully weighed the "competing considerations". On the one hand the presence of a "citizen brother, a legally resident brother, and a legally resident mother" outweighed, in his judgment, Rizzi's deliberate desertion of his vessel in the United States with the attempt to remain in this country. On the other hand, he took into account that Rizzi was attempting to follow in his brothers' footsteps and to enter the United States illegally as they had, with the expectation that he could adjust his status in the United States so as to be able to remain here. The special inquiry officer stated:

> "I believe that to grant the requested relief in this instance would be to encourage a deliberate plan on the part of the respondent and an intentional violation of the immigration laws. Accordingly, the requested relief will be denied as a matter of administrative discretion."

■ The record does not show any abuse of discretion on the part of the special inquiry officer, nor was his decision arbitrary, capricious or illegal. He

was entitled to take into account the fact that Rizzi appeared to be following a pattern set by his brothers in coming here as a seaman with the express purpose of remaining in this country in violation of law on the gamble that he might be able to adjust his status so as to remain here permanently. The special inquiry officer had the obligation to consider the interests of the United States in the enforcement of its immigration laws. He was entitled to weigh the factors favorable to Rizzi against his deliberate scheme to circumvent the immigration laws and to form his own judgment after so doing. He was not required to grant Rizzi the privilege of choosing the manner of his departure in the light of his wilful and knowing violation of the immigration laws as part of a deliberate pattern. Denial of voluntary departure under these circumstances was not an abuse of discretion. See United States ex rel. Lo Duca v. Neelly, 7 Cir., 213 F.2d 161, certiorari denied 348 U.S. 856, 75 S.Ct. 81, 99 L.Ed. 675; United States ex rel. Ciannamea v. Neelly, 7 Cir., 202 F.2d 289; United States ex rel. Liotine v. Neelly, 7 Cir., 205 F.2d 570.

Rizzi's petition alleges that the special inquiry officer "was influenced by a general statement of policy by the District Director to deport recently-arrived seamen". He has presented no proof in support of these allegations and they are not in any way supported by the record.

■ But even if it appeared that the special inquiry officer had taken into account the policies of the immigration authorities in connection with abuses of the immigration laws by seamen jumping ship, this would not be sufficient to show any abuse of discretion or failure to exercise discretion in the absence of any rigid application of a rule of thumb which prevented him from exercising his discretion upon all the facts and circumstances presented to him. Cf. Marcello v. Bonds, 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107 and United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681. There was no such rule of thumb applied here.

Moreover, in so far as Rizzi alleges that the decision "was based on considerations outside the record", if he means by that that the special inquiry officer took into account the best interests of the United States and weighed them against the factors favorable to Rizzi, this he had the right to do, as has already been pointed out.

■ There are no questions of fact here to be determined upon a trial. The record shows that the relator was afforded a fair, adequate and impartial hearing in conformity with due process of law. In the absence of arbitrary and capricious action on the part of the special inquiry officer or an abuse of his discretion, there is nothing for this court to review. Congress has given the Attorney General the discretion to determine whether voluntary departure should be granted. This court has no right to substitute its judgment on this issue for that of the special inquiry officer as the Attorney General's lawful delegee. See United States ex rel. Frangoulis v. Shaughnessy, supra; United States ex rel. Lo Duca v. Neelly, supra.

The Government's motion to dismiss the petition as against the defendants Swing and Rogers, and for summary judgment in favor of the defendant Murff is therefore in all respects granted.

In view of this determination plaintiff's motion to stay the surrender and deportation of the plaintiff until final determination of this action has become moot and will therefore be denied.

Settle order on notice.