UNITED STATES of America ex rel. Gilberto Luis TRUJILLO-GONZALEZ, Relator,

v.

Peter A. ESPERDY, as District Director of the Immigration and Naturalization Service for the District of New York, Respondent.

United States District Court
S. D. New York.

Sept. 22, 1960.

Isaac Sachs, Sachs & Spector, New York City, Joseph L. Andrews, New York City, of counsel, for relator.

S. Hazard Gillespie, Jr., U. S. Atty. for Southern District of New York, New York City, Roy Babitt, New York City, of counsel, for respondent.

MacMAHON, District Judge.

Petitioner is a native of Colombia, who entered the United States as a crewman at Jacksonville, Florida, on May 1, 1960. On May 5, 1960 petitioner's ship arrived in New York City where petitioner was given shore leave and eventually failed to depart with his vessel.

On June 17, 1960 petitioner was taken into custody as a deportable alien. He then applied to the Attorney General for an adjustment of his status to that of a permanent resident under Section 245 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1255.[1] Section 245 provides for adjustment of status, in the discretion of the Attorney General, to those for whom a permanent resident visa is immediately available. Petitioner based his application upon the claim that he was a citizen of a non-quota country, Colombia, for which permanent resident visas are always available. He contended, therefore, that discretion should be exercised to permit him to adjust his status in the United States without the necessity of requiring him to depart and re-enter with a permanent resident visa issued by a consular officer abroad.

---

1. "§ 1255. Adjustment of status of non-immigrant to that of person admitted for permanent residence; record; natives of contiguous country or adjacent island.

"(a) The status of an alien who was admitted to the United States as a bona fide nonimmigrant may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, (3) an immigrant visa was immediately available to him at the time of his application, and (4) an immigrant visa is immediately available to him at the time his application is approved. A quota immigrant visa shall be considered immediately available for the purpos-

es of this subsection only if the portion of the quota to which the alien is chargeable is undersubscribed by applicants registered on a consular waiting list.

"(b) Upon the approval of an application for adjustment made under subsection (a), the Attorney General shall record the alien's lawful admission for permanent residence as of the date the order of the Attorney General approving the application for the adjustment of status is made, and the Secretary of State shall reduce by one the quota of the quota area to which the alien is chargeable under section 1152 of this title for the fiscal year current at the time such adjustment is made.

"(c) The provisions of this section shall not be applicable to any alien who is a native of any country contiguous to the United States, or of any adjacent island named in section 1101(b) (5) of this title."

The Immigration and Naturalization Service held a hearing at which petitioner was represented by counsel to determine petitioner's eligibility for change of status under Section 245 and to determine whether or not the facts warranted such change in the discretion of the Attorney General. The District Director denied the application on two grounds: (1) petitioner was statutorily ineligible for a change of status because he was not a bona fide immigrant seaman, and (2) the facts did not warrant the exercise of discretion in favor of petitioner.

On appeal, the Regional Commissioner affirmed the finding of the District Director, but solely "on the ground that the facts do not warrant the exercise of discretion in favor of the applicant." Petitioner was then given an opportunity to depart voluntarily from the United States by August 4, 1960. On that date, this writ of habeas corpus was issued.

■ The court, on the return to a writ of habeas corpus, may review a challenged administrative determination. Shaughnessy v. Pedreiro, 1955, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868; Brownell v. Tom We Shung, 1956, 352 U.S. 180, 77 S.Ct. 252, 1 L.Ed.2d 225. However, the scope of judicial review of administrative action by the Attorney General in immigration matters is narrowly restricted. United States ex rel. Hintopoulos v. Shaughnessy, 1957, 353 U.S. 72, 77 S.Ct. 618, 1 L.Ed.2d 652; Rizzi v. Murff, D.C.S.D.N.Y.1959, 171 F.Supp. 362, 367 and cases there cited.

An examination of the transcript of the hearing held by the Immigration Service on June 28, 1960 discloses an adequate basis for discretionary denial of petitioner's application for a change in his status. Thus, petitioner admitted that on one prior occasion in New Orleans he had missed another ship. At that time, he had returned to the pier, found that his ship had departed, and had immediately reported to the Immigration office. Immigration officials then took him to Gulfport, where he was put on board the vessel.

Petitioner's recent conduct in New York differs sharply from his earlier actions in New Orleans. In New York, he never returned to the pier, nor did he ever report to the Immigration office. His explanation on the hearing was that he was unable to find the Immigration office because he could not speak English. Yet he admitted that he was able to find his way to Baldwin, Long Island, where he obtained employment in a restaurant within five or six days after missing his ship. Furthermore, despite his claimed intention to reship, petitioner neither communicated with the Colombian Consulate, nor with the shipping company on whose ship he had arrived. He was, however, notwithstanding his inability to communicate, quite able to retain a law firm to apply for adjustment of his status.

■ The District Director, therefore, had reasonable grounds to believe that petitioner was not a bona fide seaman temporarily ashore with the intention to depart on the same or some other ship within the allotted twenty-nine days, but rather that he intended all along to jump ship. Accordingly, the discretionary relief otherwise available under Section 245 was properly denied.

Petitioner's contention that the hearing was prejudged because of alleged consideration by the Immigration Service of legislation then pending before Congress is based solely on speculation, and, in any event, the Supreme Court has said that it is not unreasonable for the Attorney General to take cognizance of Congressional attitudes in the exercise of his discretion in matters of this nature. United States ex rel. Hintopoulos v. Shaughnessy, supra, 353 U.S. at page 78, 77 S.Ct. at page 621.

The court does not entertain the slightest doubt of the correctness and fairness of the administrative decision procedurally and substantively. The denial of discretionary relief under Section 245 of the Immigration and Nationality Act was neither arbitrary, capricious, nor contrary to applicable legal standards. Accordingly, the writ must be dismissed. So ordered.