**Nikolaos KUSULARIS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 15397.**

United States Court of Appeals
Seventh Circuit.

May 19, 1966.

Nathan T. Notkin, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Lawrence Jay Weiner, Arthur D. Rissman, Asst. U. S. Attys., Chicago, Ill., for respondent.

Before HASTINGS, Chief Judge, and DUFFY and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

Petitioner, Nikolaos Kusularis, seeks a review of an order of deportation and denial of his request for voluntary departure. He is a native of Greece, entered the United States at New York, in transit, on or about June 10, 1965, and obtained employment as a crewman on a ship known as the "Coral Trader."

After two weeks at sea, the ship docked at Port Everglades, Florida, on June 25, 1965, and petitioner received a crewman's "shore leave" but failed to return to the ship. Instead, he went to Chicago, where he had a brother living in that area.

Deportation proceedings were commenced against him and, after a hearing on July 13, 1965, before a Special Inquiry Officer, he was ordered deported and his request for voluntary departure denied. This denial was affirmed by the Board of Immigration Appeals. Petitioner concedes his deportability but seeks a review of that portion of the order which denied him voluntary departure. He argues that such denial was an abuse of discretion on the part of the immigration officials.

We think there is no point in setting forth in detail the findings contained in the report of the Special Inquiry Officer. In substance he found that petitioner's brother had made arrangements for him to come to the United States as a student and that he came for that purpose; that petitioner came here for permanent residence; that he was not a bonafide seaman and that he used the seaman's route to gain entry into the United States. Petitioner's main attack on the report of the Special Inquiry Officer is that it does not accurately reflect the testimony heard at the hearing. It is suggested that the officer misunderstood or misinterpreted some of the testimony. We think, however, that the record must be accepted as certified, without consideration of the vague and uncertain statements of counsel as to what it should be.

The request for voluntary departure is based on Sec. 244(e) of the Immigration and Nationality Act, 8 U.S.C.A. § 1254(e). This provision has so often been set forth in the cases that it seems unnecessary to repeat it here. It lodges in the Attorney General the discretion to permit any alien to depart voluntarily if certain conditions are met, and this discretion remains even though the alien is otherwise eligible for such relief.

Petitioner cites Acosta v. Landon, D.C., 125 F.Supp. 434, and Cakmar v. Hoy, 265 F.2d 59 (CA–9), in support of his contention. In *Acosta*, an alien sought discharge by habeas corpus from custody of the immigration officials. The discharge was allowed, not because there was an abuse of discretion by the immigration officials, as asserted by petitioner, but on the ground that such officials had failed to exercise discretion. In *Cakmar*, the Court affirmed a deportation order, characterizing the appeal as "frivolous and vexatious."

It has been held under circumstances more favorable to the alien than those here that refusal by the immigration officials to permit voluntary departure is not an abuse of discretion. United States ex rel. Ciannamea v. Neelly, 202 F.2d 289, 293 (CA–7), and United States ex rel. Frangoulis v. Shaughnessy, 210 F.2d 572, 573 (CA–2). More important, of course, is the decision of the Supreme Court in United States ex rel. Hintopoulos v. Shaughnessy, 353 U.S. 72, 77 S.Ct. 618, 1 L.Ed.2d 652, where again the facts appear to have been more favorable to the aliens than those here. In that case, a husband and wife entered the United States as alien seamen, as petitioner did here. There was no question raised as to their good moral character. There is none raised as to petitioner here. There, shortly after the aliens entered the United States, a child was born, who was an American citizen by birth. It was admitted that they were eligible for a suspension of deportation and that their child would suffer economically if his parents were deported. Relief was denied by the hearing officer, mainly on the fact that they "had established no roots or ties in this country." The Supreme Court, after pointing out that petitioners had met all legal standards and were eligible for relief, stated (page 77, 77 S.Ct. page 621):

> "But the statute does not contemplate that all aliens who meet the minimum legal standards will be granted suspension. Suspension of deportation is a matter of discretion and of administrative grace, not mere eligibility;

discretion must be exercised even though statutory prerequisites have been met."

The Court held that the denial of relief by the immigration officials was not an abuse of discretion, that it was neither capricious nor arbitrary.

These and the many other cases which could be cited compel us to the conclusion that there was no abuse of discretion in the denial of petitioner's request for voluntary departure. His petition for review is dismissed.